UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Darrell Silvern Rochester**, #146731 )<br>  *aka Darrell S Rochester* )<br>                    Petitioner, )<br> )<br>vs. )<br> )<br>Cecilia Reynolds, )<br>                    Respondent. )<br>_____ ) | C/A No.  **8:10-1879-HFF-BHH**<br><br>Report and Recommendation |

The petitioner, Darrell Silvern Rochester, (Petitioner), proceeding *pro se*, brings this habeas petition challenging a state court sentence imposed upon him May 9, 1988 in Sumter County, South Carolina.  The petition should be dismissed, as it is untimely and successive.

## *Pro Se* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition in light of the following precedents: *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal.  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th

Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## Discussion

Petitioner filed a previous habeas case pursuant to 28 U.S.C. § 2254 in 2008, which was dismissed as untimely.[1] Petitioner was convicted on murder, kidnaping, and malicious injury to property charges and sentenced May 9, 1988 to thirty years incarceration. Petition at 2. His conviction was affirmed on appeal by the South Carolina Supreme Court April 2, 1990. Previous petition at 3. On July 10, 1990 Petitioner filed an application for Post-Conviction Relief (PCR) in Sumter County which was denied October 28, 1994. *Id.* A second PCR application filed in 2001 was also denied, on August 18, 2003. Previous petition at 5.

In the instant petition, Petitioner reiterates many of the same arguments he previously proffered, which will not be addressed here.[2] Petitioner insists that his current bid for habeas relief is made pursuant to 28 U.S.C. § 2241, rather than § 2254, on the theory that § 2254 provides "an inadequate or ineffective remedy to test the legality of Petitioners' detention, where [he] allowed the one year statute of limitations and grace

---

[1] The petition in the previous case, C/A No. 8:08-1677-PMD, will be referred to hereinafter as "previous petition."

[2] "The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient." *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

2

period to expire." Petition at 17. The gravamen of Petitioner's argument is that the limitations period should not bar his habeas case because he was unaware of it. However, as this Court has discussed at length over the course of Petitioner's previous habeas case, a litigant's ignorance of the law does not excuse a failure to comply with that law. Nor does it render a statutory remedy inadequate or ineffective. This petition is a thinly veiled attempt to recast a § 2254 petition as one properly brought under § 2241, and Petitioner has presented no viable argument that this case should not be considered a successive attempt to seek relief pursuant to § 2254.

"Petitioners are not permitted to circumvent the procedural requirements and gatekeeping mechanisms of §§ 2254 and 2255 merely by labeling a petition as one brought under § 2241. *See In re Vial*, 115 f.3d 1192 (4th Cir. 1997)." *Woodfin v. Angelone*, 213 F,Supp. 2d 593, 595 (E.D.Va. 2002). Petitioner appears to have lifted the language "inadequate and ineffective" from cases challenging federal convictions under § 2255. However, "[u]nlike 28 U.S.C. § 2255, § 2254 does not contain a provision authorizing the use of § 2241 to challenge a state conviction when § 2254 affords an inadequate remedy." *Id.* This petition, therefore, is treated as a successive petitioner under § 2254. As such, and because, as before, the petition is brought outside the limitations period, this petition is subject to summary dismissal.

Petitioner's § 2254 petition is untimely under 28 U.S.C. §2244(d). On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) became law and put in place a statute of limitations for habeas petitions filed pursuant to § 2254. The AEDPA, in part, states:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of

habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d).

Petitioner's conviction became final prior to the enactment of the AEDPA, so Petitioner had until April 24, 1997, one year from the enactment date of the AEDPA, to file his petition. *See Brown v. Angelone*, 150 F.3d 370 (4th Cir. 1998)(Petitioner whose conviction became final prior to the enactment of the AEDPA shall have one year from the date of enactment to file a habeas petition). The instant petition was filed over thirteen (13) years after the April 24, 1997 deadline.

This petition is also successive. The grounds presented in the instant petition overlap somewhat with those in the former case. Regardless of whether they have been presented before, however, they cannot be presented in this successive petition. "A claim

4

presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). And "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" unless an exception applies.[3] Petitioner has presented no arguments that relate to any of the statutory exceptions.

The "AEDPA does not define 'second or successive'". *US v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). The standard for determining whether a petition is successive appears in *Slack v. McDaniel*, 529 U.S. 473, 485-489 (to qualify as "successive" petition, prior petition must have been adjudicated on the merits). *See Harvey v. Horan*, 278 F.3d 370 (4th Cir. 2002) (dismissal of a habeas petition for procedural default is a dismissal on the merits for purposes of determining whether a habeas petition is successive). While a dismissal for failure to exhaust administrative remedies is not an adjudication "on the merits," as discussed in *Slack*, a dismissal of a petition as untimely renders a subsequent petition successive because habeas relief is precluded outside of the limitations period in the absence of a valid equitable tolling argument.

As a result, the § 2254 petition in the above-captioned case is subject to dismissal

---

[3] An exception applies if: 28 U.S.C. § 2244(b)(2)(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
        (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

5

under Rule 9 of the Section 2254 Rules.[4]  *Miller v. Bordenkircher*, 764 F.2d 245, 248-250 & nn. 3-5 (4th Cir. 1985).  *See also McClesky v. Zant*, 499 U.S. 467, 113 L.Ed.2d 517, 111 S.Ct. 1454, 1467-1472 (1991); Section 106 of the AEDPA, Public Law 104-132, 110 U.S.Stat. 1214; *Bennett v. Angelone*, 92 F.3d 1336 (4th Cir. 1996); and *Armstead v. Parke*, 930 F. Supp. 1285 (N.D.Ind. 1996).

Recommendation

For the reasons cited above, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed in its entirety as untimely and without service upon the respondents.  *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); and *Toney v. Gammon*, 79 F3d. 693, 697 (8th Cir. 1996)(a petition may be summarily dismissed if the record clearly indicates that the Petitioner's claims are either barred from review or without merit).  *The petitioner's attention is directed to the important notice on the following page.*

                                                        s/Bruce Howe Hendricks
                                                        United States Magistrate Judge

August 3, 2010
Greenville, South Carolina

---

[4] Rules Governing Section 2254 Cases in the United States District Courts, Rule 9, Second or Successive Petitions: "Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).