

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

DARRELL SILVERN ROCHESTER, §
   Petitioner, §
    §
vs. § CIVIL ACTION NO. 08:10-01879-HFF-BHH
    §
CECILIA REYNOLDS, §
   Respondent. §

## ORDER

This case was filed as a 28 U.S.C. § 2241 action. Petitioner is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that the petition for a writ of habeas corpus be dismissed in its entirety as untimely and successive and without service upon Respondent. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 3, 2010, and the Clerk of Court entered Petitioner's objections to the Report on August 19, 2010.

Petitioner's primary objection is that although his prior petition for a writ of habeas corpus filed under 28 U.S.C. § 2254 was dismissed as untimely, he should be allowed to file a petition under 28 U.S.C. § 2241 because § 2254 provided an "inadequate or ineffective" remedy. Essentially, Petitioner appears to object to the Magistrate Judge recasting his petition as one brought under § 2254 and then suggesting that it be dismissed as untimely and successive. The Court finds this objection to be without merit.

Section 2241 allows a district court to grant a writ of habeas corpus to a prisoner who "is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. At the same time, § 2254 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws . . . of the United States." *Id.* § 2254. Profound procedural differences, however, distinguish § 2254 petitions from § 2241 petitions.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), § 2254 petitions are subject to more stringent limitations than § 2241 petitions. Most notably in this case, § 2241 petitions are not subject to "the one-year statute of limitations provision of AEDPA" or "AEDPA's limitations on successive petitions." *White v. Lambert*, 370 F.3d 1002, 1008 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010). AEDPA's one-year limitations period provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Hence, given that Petitioner's previous § 2254 petition was dismissed as untimely, Petitioner has a strong interest in styling his instant petition as one brought under § 2241 to avoid those AEDPA limitations.

Although at first glance § 2241 and § 2254 seem to provide dual avenues to habeas relief, "the majority view [is] that . . . § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment." *White*, 370 F.3d at 1009-10; *see also Rittenberry v. Morgan*, 468 F.3d 331, 337-38 (6th Cir. 2006) (finding that § 2254 does "not provide a separate *source* of habeas jurisdiction from [§] 2241" but instead is a limitation on it and that all habeas challenges to state court convictions are subject to § 2254's restrictions, including those found in § 2244); *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) ("A state prisoner cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition."); *Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 278-79 (2d Cir. 2003) (holding that a prisoner in custody pursuant to the judgment of a state court must challenge his incarceration through § 2254); *Coady v. Vaughn*, 251 F.3d 480, 484-85 (3d Cir. 2001) (applying principles of statutory construction to find that a prisoner held in custody pursuant to the judgment of a state court must seek habeas relief under § 2254); *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) (stating that § 2254 is "the only vehicle" through which a prisoner held in custody pursuant to the judgment of a state court may obtain habeas relief "no matter how his pleadings are styled"); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (recognizing § 2254 as the "exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody"). Furthermore, the Court also notes that, unlike 28 U.S.C. § 2255, § 2254 does not include a provision allowing petitioners to seek habeas relief under § 2241 if relief under § 2254 is ineffective or inadequate.

Whereas the majority of circuits have found that prisoners held in custody pursuant to state court judgments must challenge their convictions and judgments through § 2254, the Fourth Circuit

3

has yet to rule on the issue. In the absence of such guidance, this Court finds the majority view persuasive. Allowing Petitioner in this case to seek habeas relief under § 2241 would frustrate Congress's intent in imposing the one-year limitations period. Upon having his first petition dismissed as untimely, it appears that Petitioner simply restyled his petition as falling under § 2241 to circumvent the one-year limitations period. If Petitioner could skirt the limitations period that easily, all petitioners who slumbered on their rights would simply file § 2241 petitions, thereby rendering the one-year limitations period inconsequential. Instead, the Court takes the view that when prisoners who are in custody pursuant to state court judgments file habeas petitions challenging their convictions and judgments, the petitions are necessarily brought under § 2254 and subject to the one-year limitations period in § 2244(d)(1).

Accordingly, the Court agrees with the Magistrate Judge that Petitioner's present petition is appropriately characterized as a § 2254 petition and that § 2244(d)(1) renders it untimely. Prisoners held in custody pursuant to state court judgments that became final before the enactment of AEDPA had one year from its enactment to file their § 2254 petition, meaning that they must have filed their petitions by April 24, 1997. *Brown v. Angelone*, 150 F.3d 370, 375-76 (4th Cir. 1998). If they failed to file by that time, their petitions became barred by AEDPA's one-year limitations period. *Id.*

For federal habeas purposes, Petitioner's conviction became final on December 7, 1995, when the South Carolina Supreme Court denied a writ of certiorari to review his first denial of post-conviction relief.\* Thus, Petitioner's conviction became final before AEDPA's enactment. Because

---

\* In dismissing Petitioner's previous § 2254 petition, United States District Judge Patrick Michael Duffy provided an extensive discussion of how Petitioner's conviction became finally adjudicated on December 7, 1995, and explained how Petitioner's subsequent application for

Petitioner's conviction became final before AEDPA's enactment, he had until April 24, 1997, to file his § 2254 petition. Instead, Petitioner filed this petition on July 20, 2010, thirteen years after his deadline. Therefore, as the Magistrate Judge correctly noted, it is untimely and barred by § 2244(d)(1)'s one-year limitations period.

Likewise, the Court also agrees that Petitioner's application is successive for the reasons stated by the Magistrate Judge. Thus, it adopts the Magistrate Judge's discussion regarding the successiveness of the petition.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that the petition for a writ of habeas corpus be **DISMISSED** in its entirety as untimely and successive and without service upon Respondent.

To the extent that Petitioner requests a certificate of appealability from this Court, that certificate is **DENIED**.

**IT IS SO ORDERED**.

Signed this 21st day of September, 2010, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within 30 days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

state post-conviction relief in 2001 did not extend the limitations period. *Rochester v. McMaster et al.*, C.A. No. 8:08-1677-PMD (D.S.C. Dec. 23, 2008).